Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| ESTEBAN FUENTES ORTIZ<br><br>Apelado<br><br>v.<br><br>MECH TECH COLLEGE, LLC<br><br>Apelante | KLAN202400786 | Apelación Procedente del Tribunal de Primera Instancia, Sala de SAN JUAN<br><br>Caso Núm.: SJ2019CV07348<br><br>Sobre: Despido injustificado (Ley Núm. 80), Discrimen por impedimento (Ley Núm. 44), Procedimiento Sumario bajo Ley Núm. 2 |

Panel integrado por su presidente el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Mateu Meléndez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de octubre de 2024.

El 21 de agosto de 2024, el Mech-Tech College LLC (en adelante, Mech-Tech o la parte apelante) sometió una *Apelación* en la que recurrió de la *Sentencia Parcial* dictada y notificada por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante TPI o foro primario) el 26 de septiembre de 2023. En su escrito, nos solicita que modifiquemos el dictamen apelado, a los fines de extender a **todas** las causas de acción instadas por el Sr. Esteban Fuentes Ortiz en su contra, la desestimación decretada para solo algunas.

Estudiado el legajo apelativo, conforme al derecho más adelante consignado, resolvemos confirmar la *Sentencia Parcial*.

-I-

El 19 de septiembre de 2019, el Sr. Esteban Fuentes Ortiz (en adelante, señor Fuentes o el apelado) instó la querella que inició el pleito de

epígrafe.[1] En esta, indicó que desde el mes de octubre del año 2002 laboró para la apelante, que durante su empleo recibió aumentos de salario, se le asignaron mayores responsabilidades y hasta un vehículo oficial. De igual manera, expuso que, en el año 2015, por haber una merma de estudiantes se le hizo una reducción de $1.00 a su salario por hora. Según el apelado, tanto a él como a otros empleados se les hizo una representación de que la reducción sería temporal mientras la matrícula aumentaba y las finanzas del patrono se estabilizaban.

El señor Fuentes alegó que, ese mismo año directamente reclamó a sus supervisores el estar violentando la ley e incurriendo en la comisión de delitos.[2] Igualmente reclamó que luego de este hecho, el patrono comenzó un patrón de cambios adversos en sus condiciones de trabajo, mediante el cual: (1) le quitó poco a poco sus tareas; (2) en el año 2016, no se le incrementó el dólar por hora que por reducción en la matrícula se había hecho, mientras que al resto de los empleados sí; y (3) finalmente, fue despedido constructivamente. Por último, en su reclamación el apelado reclamó que, por sus actos, Mech-Tech debía pagarle las siguientes cantidades:

1. $52,596.44 por horas extras no pagadas;

2. $77,836.00 por vacaciones no pagadas; más la penalidad establecida por ley.

3. $46,888.00 por licencia de enfermedad no pagada;

4. $59,250.00 en compensación por despido injustificado y/o constructivo, más $109,384.00, por 3 semanas de salario por cada uno de los 16 años de trabajo completado;

5. $150,000 por la compensación doble por represalias; además de tener que restituirlo más el "back pay" de

---

[1] Es menester señalar que, si bien la reclamación fue interpuesta al amparo del proceso sumario que la Ley Núm. 2 del 17 de octubre de 1961 estableció, el 6 de julio de 2022, el foro primario emitió una *Orden* en la que convirtió el mismo a ordinario. (Entrada Núm. 108 de SUMAC) Este dictamen, si bien originalmente establecía que se estaba convirtiendo el proceso a uno sumario, fue aclarado mediante *Orden* notificada el 29 de noviembre de 2022. (Entrada Núm. 131 de SUMAC)

[2] El párrafo 24 de la querella indica que la conducta imputada respondía al hecho de que el Vicepresidente de Asuntos Académicos sostenía una relación consensual extramatrimonial con la CEO de la empresa; o sea, adulterio.

$4,314.00 desde septiembre de 2018 hasta que sea restituido;

6. $8,000.00 por salario dejado de pagar en concepto del $1.00 por hora que se les restituyó a todos los empleados, menos a él;

7.  $137,000 por aportaciones al seguro social que el patrono no pagó.

El 20 de agosto de 2019, Mech-Tech contestó la querella. Allí, en síntesis, negó las alegaciones levantadas en su contra puesto que el señor Fuentes no fue su empleado, sino contratista independiente. Igualmente, negó el no tener un proceso para someter quejas y agravios y, afirmativamente, alegó que fue el señor Fuentes quien voluntariamente escogió cesar la prestación de sus servicios.

Posteriormente en el caso, específicamente el 30 de septiembre de 2022, Mech-Tech presentó *Moción de Sentencia Sumaria*. En esta, propuso 56 hechos sobre los que- basándose en la prueba por ellos señalada, reiteró que el señor Fuentes fue contratista independiente y no empleado. A su vez, y por tal razón, expuso que a este le eran inaplicables las protecciones laborales en las que descansaba su reclamación. En virtud de ello, solicitó que se desestimaran todas las causas de acción instadas por él en su contra.

El 7 de noviembre de 2022, el apelado se opuso a dicho escrito. Al hacerlo, ripostó que los documentos que acompañaba, así como los hechos allí especificados, derrotaban la contención de la apelante, pues evidenciaban el grado de control que Mech-Tech ejercía sobre él. Igualmente, destacó que muchas de las alegaciones de la solicitud de sentencia sumaria descansaban en una declaración jurada "*custom made*" altamente acomodaticia. Mech-Tech replicó este escrito.

El 26 de septiembre de 2023, el TPI dictó *Sentencia Parcial* en la que atendió la moción dispositiva de Mech-Tech y la oposición del señor Fuentes. Al hacerlo, formuló 42 hechos sobre los que estableció que no existía controversia. Basándose en estos, encontró procedente desestimar el

reclamo sumario instado por el señor Fuentes por discrimen por impedimento al amparo de la Ley Núm. 44, así como aquel por represalias bajo la Ley Núm. 115-1991. En cuanto a esto, expresó lo que a continuación transcribimos:

> Para que prospere una causa de acción al amparo de la Ley Núm. 44, supra, y que el patrono tenga la obligación de brindar un acomodo razonable, el empleado tiene que cumplir con 2 requisitos, a saber: (1) que es una persona con impedimento según lo define la ley, y (2) que está cualificado para llevar a cabo las funciones básicas de ese trabajo, con el acomodo razonable o sin este. Así, una vez el empleado formaliza una solicitud de acomodo razonable, el patrono está obligado a iniciar un proceso interactivo con dicho empleado para analizar si resulta posible conceder el remedio solicitado. *García v. Darex P.R., Inc.*, supra.

> En este caso, la parte Querellante nunca ha alegado que sea una persona incapacitada dentro de la definición de la Ley Núm. 44, supra. Según surge del testimonio del propio Querellante nunca presentó formalmente una solicitud de acomodo razonable ante la Querellada, conforme la Ley Núm. 44, *supra*. Este se limitó a establecer que el discrimen por incapacidad se dio por que el día antes de ser operado le pidieron que firmara un contrato y que él no firmó porque no reflejaba la reposición del dólar reducido en el 2015. Aún, tomando con ciertos las alegaciones presentadas en la Querellada no configuran los elementos mínimos para la reclamación. Por tanto, procede la desestimación sumaria de la causa de acción bajo la Ley Núm. 44, *supra*.

> […]

> Para tener una causa de acción bajo la Ley de Represalias, el empleado primero deberá establecer: (1) que participó en una actividad protegida y (2) que subsiguientemente fue despedido, amenazado o sufrió discrimen en el empleo. *Feliciano Martes v. Sheraton*, 182 DPR 368 (2011), págs. 394-395.

> Aunque el tribunal entiende que las alegadas "denuncias" del Querellante no configuran una actividad protegida según lo definido en la ley y establecido en la jurisprudencia, para fines de la argumentación se dan por hecho de que las "denuncias" del Querellante son una actividad protegida. No obstante, el tribunal no ve nexo causal ni el perjuicio que se alega el Querellante que tuvo.

> Si se evalúa las hojas de ponches presentadas por el propio Querellante surge luego de mayo del 2016 continuó trabajando en promedio la misma cantidad de horas que anteriormente, que hubo una reducción de horas desde septiembre del 2016 a febrero del 2017, y desde marzo de 2017 la cantidad de horas volvió a incrementar y se sostuvo hasta septiembre del 2018.[51] De los hechos surge que, aunque el Querellante alega que le redujeron tareas administrativas pero nunca le quitaron el vehículo asignado y lo mantuvo hasta su último día de trabajo. El Sr. Rojas acordó con el Querellante permitirle trabajar remoto luego de la operación, entre otros arreglos. Del testimonio presentado surge que la relación laboral terminó, ante la negativa del Querellante de firmar el contrato. Y la razón esbozada para eso fue que no le devolvieron el dólar reducido en el 2015 a todos los contratistas.

> Al elaborar sobre la exigencia de que exista un nexo causal entre la actividad protegida realizada por el empleado y la acción adversa efectuada por el patrono, una mayoría de los circuitos de la corte de apelación federal han requerido que el trabajador demuestre la existencia de suficiente *proximidad temporal* entre ambos eventos. *Feliciano Martes v. Sheraton*, supra.
>
> Por lo que el tribunal entiende que no existe ningún tipo de nexo causal ni hay elementos de proximidad temporal entre las alegadas denuncias y las alegadas acciones adversas del patrono […].

Ahora, el foro primario entendió que existía controversia en cuanto a si el apelado fue o no un contratista independiente como aseveró la apelante y, por consiguiente, acerca de si este fue despedido constructivamente o no. Siendo ello así, no desestimó los reclamos por despido injustificado y de salarios, días de enfermedad y vacaciones. El 11 de octubre, el señor Fuentes solicitó reconsideración de la desestimación de algunas de sus causas. Habiéndosele concedido término para expresarse, Mech-Tech se opuso a la reconsideración. El 22 de julio de 2024, el TPI se negó a reconsiderar.

En desacuerdo, la apelante instó el recurso de epígrafe y señaló la comisión de los siguientes 5 errores:

> PRIMER ERROR: Erró el TPI al no dar por admitido todos los hechos incontrovertidos propuestos por la demandada-apelante toda vez que estos no fueron debidamente controvertidos según dispone la Regla 36.3 de Procedimiento Civil de 2009.
>
> SEGUNDO ERROR: El TPI cometió grave error en la aplicación del derecho y abusó de su discreción al no desestimar con perjuicio la demanda en su totalidad por el demandante-apelado ser contratista independiente.
>
> TERCER ERROR: En la alternativa de que se determine que el demandante-apelado es empleado, lo que negamos, el TPI cometió grave error en la aplicación del derecho y abusó de su discreción al no desestimar con perjuicio las reclamaciones de horas y salarios bajo la Ley Núm. 379 y la Ley. Núm. 80.
>
> CUARTO ERROR: El TPI cometió grave error en la aplicación del derecho y abusó de su discreción al no desestimar con perjuicio la reclamación bajo la Ley Núm. 80 por el demandante-apelado no haber estado sujeto a un despido constructivo e injustificado.

QUINTO ERROR: El TPI cometió grave error en la aplicación del derecho y abusó de su discreción al no atender ni desestimar con perjuicio la reclamación sobre restitución de compensación y aportaciones al seguro social.

Recibido y atendido el recurso, concedimos término al apelado para someter su oposición. Este solicitó una prórroga a tales efectos que le fue concedida mediante *Resolución* del 9 de octubre de 2024. El 15 de octubre de 2024, el señor Fuentes sometió su *Alegato en Oposición* y *Moción para Mostrar Causa*. Al día siguiente, la apelante sometió escrito pidiéndonos que demos por no puesta la oposición del apelado, ya que acudió vencido el plazo que para ello habíamos concedido.

En cuanto a la *Moción para Que la Oposición Presentada por la Parte Demandante se dé por no Puesta,* resolvemos **No Ha Lugar**. Dicho esto, aceptamos la posición del apelado, damos por sometido el asunto y procedemos a resolverlo.

-II-

*A.*

El mecanismo procesal de la sentencia sumaria dispuesto en la Regla 36 de Procedimiento Civil, 32 LPRA, Ap. V., R. 36, permite resolver los asuntos de aquellos litigios que no presentan controversias genuinas de hechos materiales y que, por consiguiente, no ameritan la celebración de un juicio. Cruz Cruz v. Casa Bella Corp., 2024 TSPR 47, 213 DPR _____ al citar a Aponte Valentín et al v. Pfizer Pharm., 208 DPR 263, 277 (2021). Véase, también Cruz Velez v. CEE, 206 DPR 694 (2021), al citar a Mejías et al. v. Carrasquillo et al., 185 DPR 288 (2012) y otros.  Así pues, conforme la discutida regla, procede dictar sentencia sumaria si de las alegaciones, deposiciones y admisiones ofrecidas, más las declaraciones juradas y cualquier otra evidencia presentada se acredita la inexistencia de una controversia real y sustancial sobre algún hecho esencial y material. Deberá,

también, justificarse por el derecho aplicable. Id., mencionando a Bobé et al. v. UBS Financial Services, 198 DPR 6 (2017) y demás.

Por otro lado, la parte que se oponga a la moción de sentencia sumaria, deberá así hacerlo dentro del término de veinte (20) días desde su notificación, cumpliendo con los requisitos de ley. Así pues, deberá efectuar una exposición breve de las alegaciones, los asuntos litigiosos o en controversia. También, deberá hacer referencia a los párrafos enumerados por la parte promovente que entiende están en controversia y para cada uno, detallar la evidencia admisible que sostiene su impugnación. Véase, Regla 36.3(b) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(b); Cruz Velez v. CEE; *supra*; y SLG Zapata-Rivera v. J.F. Montalvo, 189 DPR 414, 432 (2013). Las meras afirmaciones no bastan. Meléndez González et al. v. M. Cuebas, 193 DPR 100, 136 (2015) Esto es así, ya que cualquier duda no es suficiente para derrotar una moción de sentencia sumaria, sino que tiene que ser una que permita concluir la existencia de una controversia real y sustancial sobre hechos relevantes y pertinentes. Abrams Rivera v. E.L.A., 178 DPR 914, 932 (2010) No obstante, el no presentarse oposición a una moción de sentencia sumaria no impide que el tribunal falle en contra del promovente de esta ya que esta "puede dictarse a favor o en contra del promovente, según proceda en derecho.". Audiovisual Lang. V. Sist. Est. Natal Hnos., 144 DPR 563, 575 (1997).

Así, al evaluar los méritos de una solicitud de sentencia sumaria un tribunal **podrá** dictar sentencia sumaria si de los documentos sometidos ante su consideración surge que no existe controversia real sustancial en cuanto a ningún hecho material y solo restaría por resolver una controversia estricta de derecho. Regla 36.3(e) de Procedimiento Civil, 32 LPRA Ap. V R 36.3(e). Por el contrario, no procederá una moción de sentencia sumaria cuando (1) existan hechos materiales y esenciales controvertidos; (2) haya alegaciones afirmativas en la demanda que no han

sido refutadas; (3) surja de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material y esencial; o (4) como cuestión de derecho, no proceda. Cruz Velez v. CEE; *supra.*

En cuanto a la revisión judicial de una determinación sobre sentencia sumaria, es meritorio señalar que los foros apelativos nos encontramos en la misma posición que el foro primario. Por ello, debemos regirnos por la Regla 36 de Procedimiento Civil y aplicar los criterios de esta. No obstante, no podemos tomar en consideración evidencia que las partes no presentaron ante el TPI. Tampoco podemos adjudicar los hechos materiales en controversia, por ser una tarea que le compete al foro de instancia luego de celebrarse un juicio. Meléndez González et al. v. M. Cuebas, *supra,* pág. 118.

*B.*

En nuestro ordenamiento jurídico, se conoce como empleado a toda "persona que rinde servicios a un patrono y a cambio recibe de este un sueldo, salario, jornal, comisión, bono, adehala o cualquier otra cosa de compensación". Vélez Arroyo v. HPM Foundation et al., 211 DPR 716 (2023). Un contratista independiente, por su parte, es aquel que por la naturaleza de su función y la forma en que presta servicios, es su propio patrono. *Íd.*

Como norma general, existe una presunción incontrovertible de que una persona es contratista independiente cuando:

    a) posee un número de identificación patronal;

    b) ha declarado tener un negocio propio en las planillas de contribución sobre ingreso;

    c) la relación se estableció mediante contrato escrito;

    d) se le ha requerido por contrato contar con las licencias o permisos necesarios para prestar los servicios, y

    e) cumple con tres o más de los requisitos siguientes:

        1. mantiene control y discreción sobre la manera en que realizará los trabajos;

2. mantiene control sobre el momento en que realizará los trabajos;
3. no se le requiere exclusividad en la prestación de los servicios;
4. tiene libertad de contratar empleados o
5. ha realizado inversiones en el negocio mediante la adquisición de herramientas, equipos, licencias o espacio de trabajo.[3]

Ello no implica que si una persona no cumple con todos los requisitos no pueda entenderse que es contratista independiente. Esta determinación podrá hacerse utilizando los criterios desarrollados jurisprudencialmente, como lo son: (1) la naturaleza, extensión y grado de control que ejerce el patrono sobre la persona en la ejecución de la obra o trabajo; (2) el grado de juicio o iniciativa que despliega la persona; (3) la forma de compensación; (4) la facultad de emplear y derecho a despedir obreros; (5) la oportunidad de incurrir en ganancias y el riesgo de pérdidas; (6) la titularidad del equipo y de las instalaciones físicas provistas por el principal; (7) la retención de contribuciones; (8) si como cuestión de realidad económica la persona que presta el servicio depende de la empresa para la cual trabaja; (9) la permanencia de la relación del trabajo, y (10) si los servicios prestados son una parte integral del negocio del principal o se pueden considerar como un negocio separado o independiente por sí mismos. Vélez Arroyo v. HPM Foundation, Inc., *supra,* y casos allí citados.

Lo determinante es el criterio del grado de control que tiene la persona contratada para llevar a cabo su encomienda de manera verdaderamente independiente en contraposición al control que tiene la persona que contrata y se beneficia de sus servicios.

*C.*

---

[3] *Id.,* al citar al Art. 2.3 de la Ley de Transformación y Flexibilidad Laboral, Ley Núm. 4 de 2017, 29 LPRA sec. 122b (Ley Núm. 4).

La Ley de Indemnización por Despido sin Justa Causa, Ley Núm. 80 del 30 de mayo de 1976, *supra*, ofrece una valiosa protección a aquellos individuos empleados y contratados por tiempo indeterminado a ser remunerados de ser despedidos injustificadamente de su trabajo. Este resarcimiento se conoce comúnmente como "mesada". León Torres v. Rivera Lebrón, 204 DPR 20 (2020), citando a González Méndez v. Acción Social et al., 196 DPR 213 (2016) y otros allí citados.

La Ley 80 no establece qué constituye un despido injustificado. No obstante, el aludido estatuto informa sobre varios escenarios que pueden liberar al patrono de responsabilidad. Así pues, se reputará justa causa para el despido si el empleado: (1) ha exhibido un patrón de conducta impropia o desordenada; (2) no ha cumplido con sus labores de manera eficiente, ha realizado su trabajo tarde o negligentemente o en violación a las normas aplicables, o (3) ha violado reiteradamente aquellas reglas y reglamentos razonablemente establecidos para la operación del establecimiento y los cuales le han sido suministrados oportunamente. *Id*.

De igual forma, se entenderá que el despido fue justificado si sucede a consecuencia de: el cierre total, temporero o parcial de las operaciones del establecimiento; los cambios tecnológicos o de reorganización, así como los de estilo, diseño o naturaleza del producto que se produce o maneja por el establecimiento y los cambios en los servicios rendidos al público; o reducciones en empleo necesarias debido a una reducción en el volumen de producción, ventas o ganancias, anticipadas o que prevalecen al ocurrir el despido o con el propósito de aumentar la competitividad o productividad del establecimiento. 29 LPRA Sec. 185b.

Aun así, es importante recordar que las circunstancias representativas de justa causa enumeradas en el discutido estatuto son meros ejemplos de acontecimientos asociados a un despido. Ello así, ya que este no puede prever el universo de incidencias que pueden surgir en un

entorno laboral y que desemboquen en la cesantía de un empleado. León Torres v. Rivera Lebrón, *supra*, citando a SLG Torres Matundan v. Centro Patología, 193 DPR 920 (2015).

**-III-**

Según mencionamos en la exposición narrativa del tracto procesal, la apelante señala la comisión de 5 errores. Al discutir el primero de estos, asevera que varios de los hechos sobre los que propuso que no existía controversia, no fueron controvertidos por el señor Fuentes, por lo que fue un error del TPI el excluirlos. Asimismo, en la discusión del segundo de sus errores, asevera que los hechos incontrovertidos que el foro primario acogió, demostraban sin lugar a duda que el apelado fue un contratista independiente y no un empleado, por lo que el TPI abusó de su discreción al no resolver de esta manera.

De otra parte, al discutir su tercer error, Mech-Tech propone en la alternativa, que de establecerse que el señor Fuentes fue empleado, debe desestimarse con perjuicio su reclamación de horas y salarios. Esto, porque de así resolverse, este sería un empleado exento sin derecho a tales reclamos o, como mínimo, procedía la desestimación de cualquier reclamo en exceso de los últimos 3 años.

De igual forma, en su cuarto error la apelante argumenta que la controversia que el foro primario tenía ante sí era una de derecho y no de hechos, por lo que su denegación era improcedente. Procedió entonces a exponer que en el caso el apelado no podía demostrar que no tuvo otra alternativa razonable que no fuera renunciar, por lo que no tenía disponible el reclamo de despido injustificado en la vertiente de despido constructivo. Por último, Mech-Tech postula al discutir su quinto error que el apelado no tiene reconocida por la jurisprudencia federal una causa de acción privada por cualquier violación en la que incurra un patrono. Debido a ello, tras señalar que el señor Fuentes guardó silencio en cuanto a este asunto al

oponerse a la moción dispositiva, el foro primario debió en su sentencia desestimarla sumariamente con perjuicio.

En contrario, al oponerse al recurso de apelación, el señor Fuentes afirma que sí controvirtió los hechos que Mech-Tech alegó eran incontrovertidos, exceptos aquellos que aclaró o catalogó como inmateriales a la controversia. De la misma manera, asevera que no se equivocó el TPI al negarse a desestimar la totalidad de sus causas de acción puesto que, tal cual estableció en el dictamen apelado, en el pleito existía una controversia real en cuanto a si el apelado era o no un empleado; asunto que debía ser resuelto tras la celebración de un juicio. A su vez, discute que las circunstancias particulares en cuanto al control que la apelante ejercía sobre él y el trato que se le daba como empleado con sueldo por hora, derrotaban cualquier reclamo en la alternativa de Mech-Tech dirigidas a establecer que, de ser un empleado, era uno exento sin derecho a las compensaciones reclamadas.

También, en defensa del dictamen apelado, el señor Fuentes destaca que la determinación de resolver sumariamente era una discrecional y por tanto, merecía nuestro respeto a menos que se demostrara abuso de discreción. Niega pues, que la apelante haya cumplido con esta tarea. Finalmente, el apelado plantea que es necesario que el foro primario reciba la evidencia de las partes en el juicio, aquilate la misma y resuelva la naturaleza de la relación entre él y Mech-Tech antes de que pueda determinarse la procedencia de las causas de acción que instó bajo el supuesto de que realmente era empleado y no contratista independiente.

Dado que la *Sentencia* que se apela atiende una moción de sentencia sumaria, según ordena nuestro ordenamiento que hagamos hemos examinado la solicitud de sentencia sumaria de Mech Tech, así como la oposición que frente a ella interpuso el apelado. Efectuado este análisis, encontramos a las partes en cumplimiento con las disposiciones relativas a

la sentencia sumaria arriba citadas. Así hecho, sopesamos si es correcta la conclusión alcanzada por el foro primario sobre la existencia de controversias sobre hechos medulares que impidan la resolución sumaria de la polémica de auto. Como ya señalamos, la apelante propone que lo resuelto por el foro primario es erróneo, por lo que a su juicio debemos responder dicha interrogante en la negativa.

A tales efectos, al discutir su primer error plantea que los hechos que propuso en su solicitud de sentencia sumaria no fueron rebatidos por el apelado por lo que constituyó un error el que el TPI no los acogiera en su totalidad y excluyera sin explicación porciones de estos. Igual equivocación discute en cuanto a aquellos hechos propuestos que no fueron acogidos por el tribunal. Sobre este asunto, en síntesis, señala que, en su oposición a la sentencia sumaria, el señor Fuentes no sometió prueba sustancial que derrotara los hechos que propuso en moción de sentencia sumaria, se limitó a citar incorrectamente parte de su testimonio y el de otros testigos, los refutó meramente con argumentaciones o mediante alusión a prueba irrelevante o impertinente. Por esta razón, según Mech-Tech- erró el foro primario al no disponer que la totalidad de los hechos que propuso quedaron incontrovertidos. No tiene razón.

De entrada, destacamos que los hechos fuera de controversia enunciados por el TPI en su dictamen consideran tanto la moción de sentencia sumaria de Mech-Tech, como la oposición que frente a esta sometió el señor Fuentes. Por tanto, no es forzoso concluir que, al igual que nosotros, el foro primario entendió que ambos escritos cumplían con los requisitos de forma de la Regla 36 de Procedimiento Civil, *supra*. De otra parte, aún si entendiéramos que ello no fue así, lo que no hacemos, una lectura integral del lenguaje contenido en la cita regla, así como un estudio de la jurisprudencia interpretativa de esta, nos permite apreciar que ello conllevaría que el tribunal pueda dictar sentencia sumaria **si procede en**

**derecho**. Nada en la regla nos permite concluir- como parece entender la apelante- que si una parte no refuta adecuadamente los hechos incontrovertidos propuestos en una solicitud de sentencia sumaria, estos deban ser automáticamente admitidos. **Dado que ello no es así, resolvemos que el primer error no fue cometido.**

Similar conclusión alcanzamos en cuanto al segundo señalamiento de error en el que Mech-Tech asevera que constituyó un grave error y abuso de discreción por parte del TPI el no haber desestimado todas las causas de acción del señor Fuentes. La apelante, expone que, según las propias determinaciones de hechos incontrovertidos emitidas por el TPI quedó demostrado que el señor Fuentes era un contratista independiente puesto que el foro primario determinó que:

1. los profesores de Mech-Tech eran contratistas independientes por término definido y con clases y horario de clases identificados;
2. la razón de establecerse un ponchador fue para cumplir con las normas de la ACCET, agencia acreditadora del Departamento de Educación;
3. los temas ofrecidos en los cursos por los profesores como el apelado podían variar trimestralmente, por lo que no había una expectativa de continuidad en la relación laboral;
4. este tenía expedido a su favor un certificado de registro de comerciante; y
5. se le retenía de su compensación solo aquellas contribuciones establecidas por ley para los contratistas y esta se reportaba al Departamento de Hacienda mediante el formulario que aplicaba a estos.

Descansando en ello, la parte apelante arguye que están presente las distinciones propias de un contratista independiente reconocidas por nuestro ordenamiento jurídico, por lo que las controversias ante la consideración del TPI eran de estricto derecho y no de hechos, debiéndose pues desestimar el pleito en su totalidad. No es correcto.

Hay ocasiones en las que la distinción entre quien es un empleado y quien es un contratista independiente es difícil, **debiéndose dar enfoque no solo al título que las partes han dado a la relación entre ellos en el contrato de trabajo, sino que dicho ejercicio requiere ponderar las**

**circunstancias de cada caso**.[4] Es por ello que nuestro Tribunal Supremo se ha manifestado a favor de la existencia de una relación empleado-patrono, particularmente si una decisión en contrario puede desproveer a un trabajo de la protección que ofrece nuestra legislación laboral. *Íd.*

Como ya enunciamos, en el dictamen apelado el foro primario estimó que en el caso no estaban presente los requisitos en ley que concedieran en favor del apelado un reclamo por discrimen por incapacidad. Esto pues, la prueba sometida a tales efectos no demostró que fuera una persona con un impedimento, según definido por ley. Asimismo, entendió que las alegadas denuncias hechas por el señor Fuentes no constituyeron una actividad protegida según definida por la Ley 115-1991. Pese a ello, añadió que, aun si para fines de la argumentación se entendiera que sí lo son, no se apreciaba el perjuicio alegado por este. En consideración a esto, estimó que ambas reclamaciones debían desestimarse. Ahora bien, en cuanto a la relación entre Mech-Tech y el apelado, enunció como a continuación transcribimos:

> […] la parte Querellante alega que fue empleado de la Querellada y no contratista independiente. Para fundamentar su posición alegó en síntesis que: tenía horario determinado, el cual comenzaba a las 7:30 a.m. - 1:30 p.m. y de 5:00 p.m. a 10:30 p.m., pero por años estuvo trabajando de 7:30am a 3:00pm y de 5:00pm a 10:30pm; el horario dependía no necesariamente de las clases que ofrecía sino de las tareas administrativas asignadas por el Sr. Rojas; que debido al horario que tenía en Mech Tech no podía ejercer o trabajar en ningún otro lugar; que estuvo muchos trimestres sin dar clases solo haciendo tareas administrativas, entre otros.
>
> La parte Querellada, niega las alegaciones y sostiene que el Querellante, es un contratista independiente y así lo estipula el contrato, que solo le retenían el 7% de contribuciones sobre el exceso establecido por ley, que el Querellante llenaba sus planillas como contratista, entre otras alegaciones.
>
> El tribunal entiende que existen controversias entorno si el Querellante es o no contratista independiente y por ende si fue despedido de manera constructiva y de se[r] así la aplicación de la Ley 379 de salarios.

De lo transcrito podemos colegir que el foro primario tuvo duda en cuanto al control que realmente Mech Tech tenía sobre el horario y la labor

---

[4] Whitenburg v. Col. Ntra. Sra. Del Carmen, 182 DPR 937 (2011) y casos allí citados.

del señor Fuentes, así como de otros criterios que, conforme la jurisprudencia arriba citada, rigen el análisis a efectuarse en casos como el de autos. También, notamos que el TPI no quedó convencido que por las razones dadas por Mech-Tech este fuera un contratista independiente y no un empleado. **Por consiguiente, y contrario a lo que expone Mech-Tech, del dictamen apelado surge claramente que en el presente caso existen controversia de <u>hechos</u> y no se trata pues de una estrictamente de derecho.**

Un estudio del legajo apelativo, particularmente de la moción de sentencia sumaria de Mech-Tech, de la oposición sometida por el señor Fuentes y de los documentos que ambos escritos anejan nos mueve a concluir que efectivamente existe controversia en cuanto si el Señor Fuentes era un contratista independiente o si, por el contrario, realmente este era empleado. Igual duda reconocemos existe- de determinarse que era un empleado-, si este fue despedido constructivamente y si era o no un empleado exento. **Es por ello por lo que, acogemos como propios los asuntos en controversia identificados por el foro primario en la página 9 de su** *Sentencia Parcial.* Entiéndase pues, aún existe controversia en el pleito en cuanto a:

1. Si Esteban Fuentes era contratista independiente o empleado de Mech Tech.
2. Si se determina que es empleado, existe la controversia de si fue despedido constructivamente.
3. Si era empleado, si proceden las reclamaciones del Querellante bajo la Ley 379 de salarios o era empleado exento.

Estas controversias, a nuestro juicio, debe resolverse luego de la celebración de un juicio. Es entonces que el tribunal tendrá ante sí todos los elementos necesarios para resolver si el señor Fuentes era un empleado como alega, o si por el contrario realmente fue en todo momento un contratista independiente sin derecho a las causas de acción que reclamó.

Por otro lado, en su tercer, cuarto y quinto error la apelante- aunque niega que así sea-, señala y discute que en la alternativa que se resuelva que el señor Fuentes es un empleado, deben desestimarse las causas de acción

que permanecieron vivas tras la sentencia y nos pide que así hagamos. Esto, pues según Mech-Tech, aun si ese fuera el caso, cosa que niega, el señor Fuentes no tiene derecho a reclamar por horas, vacaciones o días de enfermedad pues su clasificación sería una de empleado exento; no hubo un despido constructivo sino una renuncia o abandono y el apelado no tiene una causa de acción personal reconocida en cuanto a violaciones de un patrono en las deducciones que deben hacerse por ley.

Nos parece que entrar a dilucidar sumariamente si el señor Fuentes tiene o no derecho a una compensación bajo cualquiera de las causas de acción bajo las que sometió su reclamación, cuando aún no se ha establecido la naturaleza de su relación laboral con la apelante y la propia sentencia guarda silencio en cuanto a estos asuntos sería actuar prematuramente y revisar controversias que no fueron resueltas primeramente por el TPI. Por consiguiente, no debemos atender los últimos 3 señalamientos de error de la apelante.

-IV-

Por las razones antes esbozadas, confirmamos el dictamen apelado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones